CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED for
RKL
SEP 2 7 2005
JOHN F. CORCORAN, CLERK
BY: H McDonald
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| CARROLL EUGENE DODSON, | ) | |
| Petitioner, | ) | Civil Action No. 7:05CV00562 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | By: Hon. Jackson L. Kiser |
| Respondent. | ) | Senior United States District Judge |

The petitioner, Carroll Eugene Dodson, a federal inmate proceeding pro se, has filed a motion that the petitioner styles as a motion for relief under Rule 60(b) of the Federal Rules of Civil Procedure. Upon review, I believe that the motion should be construed as a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255. Because the petitioner has already filed a § 2255 motion challenging the same conviction and sentence, the petitioner's motion must be dismissed as successive.

On December 9, 1994, a jury convicted the petitioner of multiple offenses related to his involvement in a drug-trafficking scheme, including one count of engaging in a continuing criminal enterprise. The petitioner's conviction and sentence were affirmed on appeal by the United States Court of Appeals for the Fourth Circuit. On September 24, 1999, the petitioner challenged his conviction and sentence in a § 2255 motion. The motion was denied on October 13, 1999. On June 13, 2003, the petitioner filed a motion for reconsideration under Rule 60(b) of the Federal Rules of Civil Procedure. The motion for reconsideration was denied as a successive § 2255 motion on March 24, 2004.

In his present motion under Rule 60(b), the petitioner seeks to "re-open his [previous] motion brought under 28 U.S.C. § 2255" on the basis that the court erred in denying relief as to his first

claim.[*] The court determined that his first claim was procedurally defaulted, since the petitioner failed to raise the issue on direct review. The court further determined that the procedural default could not be excused on the basis of cause and prejudice or actual innocence. The petitioner now argues that he should have received the opportunity to demonstrate actual innocence before the court denied relief as to his first claim.

Because the petitioner's motion is "nothing more than a request that the ... court change its mind" with respect to its earlier ruling, "it is not authorized by Rule 60(b)." United States v. Williams, 674 F.2d 310, 313 (1982). "Rule 60(b) does not authorize a motion merely for reconsideration of a legal issue." Id. Since the petitioner's motion is not proper under Rule 60(b), the court must construe it as a successive motion under § 2255. See United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003). As a successive § 2255 motion, the petitioner's motion falls under the provisions of Title I of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996). Pursuant to this statute, this court may consider a second or successive § 2255 motion only upon specific certification from the United States Court of Appeals for the Fourth Circuit that the claims in the motion meet certain criteria. See 28 U.S.C. § 2255, ¶8. Since the petitioner has not submitted any evidence of having obtained certification from the Fourth Circuit to file a successive § 2255 motion, the petitioner's current motion must be dismissed.

The Clerk is directed to send certified copies of this memorandum opinion and the

---

[*] In his first claim, the petitioner alleged that the court erred by not instructing the jury that "it was required to agree unanimously as to the three drug offenses making up the alleged 'continuing series of violations' to find him guilty of conducting a continuing criminal enterprise."

2

accompanying order to the petitioner and counsel of record for the respondent, if known.

**ENTER**: This 27th day of September, 2005.

Senior United States District Judge